Cantor Fitzgerald & Co. v ObvioHealth Pte Ltd. (2024 NY Slip Op 06421)

Cantor Fitzgerald & Co. v ObvioHealth Pte Ltd.

2024 NY Slip Op 06421

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 650486/24 Appeal No. 3288 Case No. 2024-04692 

[*1]Cantor Fitzgerald & Co., Plaintiff-Respondent,
v
ObvioHealth Pte Ltd., et al., Defendants-Appellants.

Seiden Law LLP, New York (Ian Weiss of counsel), for appellants.
Cantor Fitzgerald Securities, New York (Nirav S. Shah of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 30, 2024, which granted plaintiff's motion for summary judgment and denied defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the cross-motion granted. The Clerk is directed to enter judgment accordingly.
The court should have granted defendants' cross-motion for summary judgment. Plaintiff's argument that the parties' letter agreement gave it an exclusive right to sell is unavailing. To create an exclusive right to sell, a contract "must clearly and expressly provide that a commission is due upon sale by the owner or exclude the owner from independently negotiating a sale" (Morpheus Capital Advisors LLC v UBS AG, 23 NY3d 528, 535 [2014] [internal quotation marks and alterations omitted]). The agreement here lacks express language excluding a direct conveyance by defendants, nor is that a necessary implication of its terms (see e.g. Silvergrove Advisors, LLC v Crosswing Holdings LLC, 197 AD3d 1057 [1st Dept 2021]; Miron Props., LLC v Eberli, 126 AD3d 479 [1st Dept 2015], lv denied 26 NY3d 911 [2015]). The agreement's language requiring defendants to "inform" plaintiff if contacted about potential transactions is insufficient to create an exclusive right to sell (see e.g. Silvergrove,197 AD3d at 1058). Moreover, plaintiff fails to show that the agreement's tail provision, entitling plaintiff to a fee for efforts at procuring a transaction during its engagement even if the transaction were completed only after the termination of that engagement, necessarily implied that the parties intended to create an exclusive right to sell.
Plaintiff's alternative argument that it procured the investment in the equity raise that occurred is also unavailing. Plaintiff fails to establish a "direct and proximate link" between its efforts and the consummated deal, as opposed to "indirect and remote" involvement (SPRE Realty, Ltd. v Dienst, 119 AD3d 93, 98 [1st Dept 2014] [internal quotation marks omitted]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024